UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY HOWARD** ) | **Case Number** |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **MERCANTILE ADJUSTMENT** ) | |
| **BUREAU, LLC** ) | |
| ) | |
| **Defendant.** | |

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in that the relevant events took place in Horsham, Pennsylvania, which is a city within this District.

2. This is an action for damages brought by plaintiff Mary Howard for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"] which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. The plaintiff, Mary Howard [hereinafter "Plaintiff"], is a natural person who, at all times relevant to this complaint, resided at 3231 Brookview Pl., Elkins Park, PA 19027.

4. Defendant, Mercantile Adjustment Bureau, LLC. [hereinafter "Defendant"] had, at all times relevant to this complaint, its principal place of business located at 40 West Avenue, Rochester, New York 14611.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### *Factual Allegations*

6. Defendant forwarded a written communication to Plaintiff bearing the date of July 16, 2007 which Plaintiff received on or about July 23, 2007..

7. Defendant's letter contained a tendered settlement offer to Plaintiff for payment of an alleged debt to Pallino Asset Management LLC/Bank One/First USA Bank which Defendant indicated was good "for a limited time only".

8. Defendant's time frame for its tendered settlement offer for payment of this alleged debt was.on or before July 26, 2007.

9. Defendant is in violation of the FDCPA in that the the time frame for the offer of settlement of the alleged debt overshadows and contradicts the thirty day validation period required under the FDCPA..

### *Policies and Practices Of Defendant*

10. It is the policy and practice of Defendant o contact consumers such as Plaintiff with communications of limited time offers of settlement for payment of the debt allegedly owed.

## FIRST CLAIM FOR RELIEF

### *Violation of the Fair Debt Collection Practices Act*

The previous paragraphs are incorporated by reference herein.

11.   Defendant's violations of the FDCPA, include, *but are not limited to*, the following:

>    1.   The use of false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e and 1692e(10);
>
>    2.   The use of unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

12.   As a result of the above violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and attorney's fees.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against that of Defendant for $1,000.00 in statutory damages, actual damages, plus attorney's fees and court costs.

>    BY:  */s/ Bruce K. Warren*
>    Bruce K. Warren, Esquire
>    Warren & Vullings, LLP
>    1603 Rhawn Street, Phila., PA 19111
>    215-745-9800   FAX 215-745-7880